UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAROLINA HERRERA, et al.,

                Plaintiffs,              **MEMORANDUM
                                                                      AND ORDER**

      - against -

                                                                  CV 07-4000 (ERK) (JO)

THOMAS BIRD,

                Defendant.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiffs Carolina Herrera and Angelica Torres filed this personal injury action against defendant Thom Bird ("Bird") in the Supreme Court of the State of New York, County of Queens, on August 22, 2007. *See* Docket Entry ("DE") 1 (including, among other documents, Bird's Notice of Removal ("Notice") and the plaintiffs' Verified Complaint ("Complaint")).[1] On September 25, 2007, Bird filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Bird has not satisfied its burden of establishing that this court has original jurisdiction. Specifically, Bird has failed to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254 (E.D.N.Y. 2007).

     A.     <u>Removal Procedures Generally</u>

       A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal

---

[1] Bird advises that the Complaint incorrectly renders his first name as "Thomas." Notice ¶ 1. His own filing also contains a mistake, in that it describes the action as having been filed in the Supreme Court for the State of New York in Kings County, rather than in the corresponding court in Queens County where it was actually filed. *Compare* Notice ¶ 1 *with* Complaint at 1.

court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must "prov[e] that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994). A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

B.  The Effects Of New York's Procedural Law On Removal To Federal Court

The plaintiffs' complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that each plaintiff was injured when the car in which they were travelling "came into contact" with the car driven by the defendant, Complaint ¶ 4 – the Complaint employs boilerplate language to assert the extent of their injuries. *Id.* ¶¶ 6,12. In describing the plaintiffs' injuries, the Complaint's most specific allegation is that each "sustain[ed] severe and serious injuries[.]" *Id.* ¶¶ 6, 12. Although I can infer from this allegation that the plaintiffs may seek a substantial recovery if Bird's liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000.[2]

The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). The Notice provides no additional detail to support jurisdiction; it merely makes the conclusory assertion that "the amount in controversy exceeds the sum of $75,000." *Id.* ¶ 3. Thus, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that the plaintiffs seek as a result of their

---

[2]  Although I would not summarily remand the case on this basis alone, I also note that there is at least arguably a dispute as to the diversity of citizenship among the parties. *See* Complaint ¶ 1 (alleging that Bird was a "resident" of New York at the time the case began); *but see* Notice ¶ 5 (asserting that Bird is a both a resident and a "citizen" of New Jersey); *see also John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (noting that "a statement of residence ... tells the court only where the parties are living and not of which state they are citizens").

injuries – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendant's burden to establish the existence of federal jurisdiction. *See DeMarco v. MGM Transport, Inc.*, 2006 WL 463504, at *2 (E.D.N.Y. Feb. 24, 2006) (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

Bird is not without recourse. The same state law provision that prohibited the plaintiffs from including an allegation in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Bird can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see Bellocchio*, 499 F. Supp. 2d 254. The defendant was free to take advantage of that provision before seeking to remove the case, and he will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[3]

Nor is Bird prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection

---

[3] While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure. Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel. *See* Fed. R. Civ. P. 26(d), (f). Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

  C. <u>Remand And Review Procedures</u>

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command; it also makes sense. Requiring Bird to seek supplemental information under state law before attempting to remove the case places no meaningful burden on him that he will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Bird will need to find out the extent of the damages that the plaintiffs claim to have sustained. I decide no more than that he must seek out that information before coming to this court, not after. If Bird learns that the plaintiffs seek damages in excess of $75,000, he may seek to reopen the case in this court and the plaintiffs will have to bear the burdens associated with the removal. On the other hand, if it turns out that the plaintiffs do not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened

with overseeing discovery of a dispute that is not properly before it. *Bellocchio*, 499 F. Supp. 2d at 255.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Bird will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time sufficient for Bird to file any objections he may have. Under the pertinent rules, a stay until October 16, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should the defendant actually pursue such relief, he may of course apply to me or to the district judge for a further stay pending resolution of his objections.[4]

D.  Conclusion

For the reasons set forth above, the Clerk is respectfully directed to remand this case to the Supreme Court of the State of New York, Queens County. In order to afford the defendant sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until October 16, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
September 26, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[4] In addition, if the defendant can establish that the jurisdictional requirements are satisfied before the stay elapses, either by virtue of information provided by the plaintiffs or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.